IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JENOS PATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>TRIDENT SEAFOODS CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 23-cv-00004-DKW-KJM<br><br>**ORDER TRANSFERRING ACTION TO THE SEATTLE DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON** |

Pending before the Court is the Ninth Circuit Court of Appeals' Memorandum Order remanding this case with instructions. Dkt. No. 43. Specifically, the Ninth Circuit has instructed this Court to "consider [Defendant] Trident's alternative request for transfer" of this action, as opposed to dismissing the same, as the Court did in its June 5, 2023 Order. Having considered additional briefing on this matter, Dkt. Nos. 46-47, for the reasons more fully set forth below, the Court instead TRANSFERS this action to the U.S. District Court for the Western District of Washington. While the decision is far from inevitable or even necessarily warranted in light of the litigation strategy of Plaintiff Patrick, upon consideration of, *inter alia*, relevant case law, the parties' contract, and the potential loss on procedural (rather than merits-based) grounds of Patrick's claims,

the Court finds transfer of this action to be appropriate in the exercise of its discretion.

## LEGAL STANDARD

In its motion to dismiss or transfer, Defendant Trident Seafoods Corporation cited 28 U.S.C. Section 1404(a). Dkt. No. 22 at 10-11. Pursuant to Section 1404(a), a district court may, in the interest of justice, transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses…." "Ordinarily," consideration of such a decision would involve the weighing of private and public factors, including, the ease of access to and expense of obtaining witnesses and proof, deciding localized controversies locally, and the plaintiff's choice of forum. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 & n.6 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id*. at 63 (quotation omitted). In that situation, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id*. (quotation and brackets omitted).

## **DISCUSSION**[1]

In their additional briefing on this matter, Trident argues that this case should be *dismissed* and not transferred because Patrick chose to file in the "wrong" district and argued against transfer prior to the June 5, 2023 Order. Dkt. No. 46 at 3-5. Meanwhile, while Patrick's counseled brief is far from a model of clarity, he appears to argue that this case should be *transferred* and not dismissed because dismissal would "time bar[]" his claims. Dkt. No. 47 at 2. For the reasons discussed below, while Patrick's briefing on this issue, and the case *in toto*, has been almost universally unpersuasive and, as will be explained, self-defeating, the Court chooses to transfer this action to the federal judicial District that is consistent with the parties' contract.

As an initial matter, the issue before the Court is not whether to transfer this action elsewhere or keep it in the plaintiff's chosen forum of Hawaiʻi, which is perhaps the more typical situation when faced with a Section 1404(a) analysis. As discussed in the June 5, 2023 Order, and left undisturbed by the Ninth Circuit's Memorandum Order, there is a valid forum selection clause in the parties' contract, which indicates that this case should not have been brought in this District. *See*

---

[1]The Court assumes the reader's and the parties' familiarity with the procedural and factual background of this case, which is set forth more fully in the June 5, 2023 Order, Dkt. No. 36 at 2-5, 7-13, and herein only to the extent necessary.

*generally* Dkt. No. 36; *see* Dkt. No. 43 at 3 ("transfer would simply move Plaintiff's timely claims to a proper venue.").

Beyond the forum selection clause, the parties present the related issue of whether Patrick's remaining claims should be dismissed under Rule 12(b)(6), rather than transferred under Section 1404(a). Neither party nor the Court's independent research has provided case law on the factors to be considered in weighing such a choice.[2] The closest the parties get is Trident's citation to *Trout v. Cty. of Madera*, 2023 WL 8592880 (9th Cir. Dec. 12, 2023), which affirmed a district court's decision to dismiss, rather than transfer, an action under 28 U.S.C. Section *1406(a)*. In *Trout*, the Ninth Circuit explained that, under Section 1406(a), it takes "a broad view of when transfer is appropriate," but observed that dismissal has been affirmed "when the plaintiff has opposed transfer to a proper district or has sought to avoid the proper district through blatant forum shopping[.]" *Id*. at *1 (citations and brackets omitted).[3]

---

[2]The lack of clear guidance is perhaps unsurprising, given that the Ninth Circuit is yet to officially endorse the dismissal of actions under Rule 12(b)(6) when faced with the alternative of transfer under Section 1404(a). *See* Dkt. No. 43 at 2 ("We assume, without deciding, that a dismissal pursuant to Rule 12(b)(6) is a permissible mechanism for enforcing a forum selection clause.").

[3]The Court notes that, in *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-299 (3d Cir. 2001), the Third Circuit affirmed a district court's use of Section 1404(a)'s balancing test to determine whether dismissal based upon a forum selection clause was proper. In light of the Supreme Court's intervening guidance in *Atl. Marine* on the Section 1404(a) test in the context of forum selection clauses, that test only tells the Court that the parties' forum selection clause should be *enforced*—it does not help answer the question of *how* the clause should be enforced.

Here, if the *sole* factors to consider were opposition to transfer and blatant forum shopping, the Court would likely agree with Trident that this case should be dismissed. Patrick's own briefing reveals why. Notably, prior to appealing the June 5, 2023 Order, Patrick *opposed* transfer of this case to Washington. *See generally* Dkt. No. 31 (stricken); Dkt. No. 34. He did so for specific reasons, including the alleged "personal and financial hardship" he would suffer if forced to litigate in Washington. Dkt. No. 34 at 4; *see also* Dkt. No. 31 at 1-2. Patrick's briefing further reflects a blatant attempt to forum shop. Specifically, Patrick claimed a difference in the public policy of Washington and Hawaiʻi toward seamen like himself and chose the forum (Hawaiʻi) that he hoped would have a "strong" policy in favor of seamen. Dkt. No. 34 at 4; Dkt. No. 31 at 1 ("Plaintiff chose to file it in the U.S. District Court of Hawaii.").

Nonetheless, while the above are certainly factors that the Court has taken into consideration in making the decision herein, they are not the only or, ultimately, the most persuasive ones. More specifically, a combination of three factors persuades the Court to transfer, rather than dismiss, this action. First, at least in this Circuit, there remains the lack of certainty over the propriety of dismissing an action under the circumstances here. As discussed in the June 5, 2023 Order, certain Circuits have permitted courts to dismiss, instead of transfer,

actions when a forum selection clause points to a different venue. However, none of those Circuits is the Ninth. In addition, in *Atl. Marine*, the Supreme Court appears to have gone out of its way to leave the issue unresolved. Moreover, while Section *1406(a)* clearly contemplates a district court having dismissal and transfer as options when venue is "wrong", Section *1404(a)*, the one at issue here, is not so clear. *Compare* 28 U.S.C. § 1406(a) ("providing for "dismiss[al]" or "transfer" of an action when venue is laid in the "wrong division or district"), *with* 28 U.S.C. § 1404(a) (providing only for the "transfer" of a civil action to another district to which all parties have consented). Thus, if anything, the statutory text of Section 1404(a) would appear to lean toward transfer as opposed to dismissal.

Second, there is the language of the contract at issue here. Specifically, the parties agreed that any lawsuit between them would be brought in King County, Washington. Dkt. No. 22 at 25.[4] Although Patrick violated this clear provision by bringing suit in Hawaiʻi, the contract does <u>not</u> provide that a consequence of such a violation would be the dismissal of the improperly located lawsuit.[5] Thus,

---

[4] In citing the employment contract, the Court cites to the page numbers assigned by CM/ECF in the top right corner of the document, *i.e.*, "Page 25 of 32."
[5] This is in contrast, in the same contractual paragraph, to the warning that the "[f]ailure to bring such actions within the designated *time period* shall bar any such action against Company." Dkt. No. 22 at 25 (emphasis added).

if anything, the contract too would appear to lean toward transfer (to King County, Washington) as opposed to dismissal.

Finally, there is the interests of justice. Certainly, on that scale, there are factors weighing against transfer. Namely, as discussed, Patrick's, or, more accurately, his counsel's, conscious decision to ignore and oppose the forum selection clause in the hope of obtaining a more favorable outcome in what he perceived to be a more hospitable forum. According to Patrick, that flawed decision has now placed him in the unenviable position of losing his claims should this case be dismissed. That would be a consequence of his (or his counsel's) making. Nonetheless, in light of the uncertainty in the case law, the language of the contract, and the preference for deciding cases on their merits, the Court finds that the interests of justice weighs barely in favor of sparing Patrick the consequence of at least this action.

## **CONCLUSION**

Put simply, the Court could easily have gone a different way in deciding this issue. Patrick and his counsel consciously ignored the forum selection clause clearly written in his contract, opposed the transfer of this case to the proper forum, and argued that Patrick would be prejudiced by transfer—something which he continues to maintain even in his most recent brief. *See* Dkt. No. 47 at 4-5 ("Mr.

7

Patrick detailed the expenses he would have in litigating this claim should it be transferred to Washington State. That is more than Trident's 'thumb' on the scale of justice.").

Ultimately, however, in weighing, on one hand, Patrick's questionable litigation practices and the *possible* option of dismissing this action against, on the other hand, the potential pre-merits loss of Patrick's claims and the *definite* option, both under the law and the terms of the parties' contract, of transfer, the Court, in exercising discretion, elects the latter option.

As a result, for the reasons set forth herein, the Clerk of Court is directed to TRANSFER this action to the Seattle Division of the United States District Court for the Western District of Washington.   Following transfer of this action, the Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: December 23, 2024 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge